## Barger et ux. v. City of Philadelphia

*Keller H. Gilbert*, for plaintiffs.

*Samuel Feldman* and *John J. K. Caskie*, assistant city solicitors, and *David J. Smyth*, city solicitor, for defendant.

LAMBERTON, J., February 2, 1933.—The City of Philadelphia, pursuant to authority conferred upon it by the Act of June 17, 1913, P. L. 520, erected what is known as the Frankford elevated system, which runs northwardly and southwardly on Front Street, intersecting Spring Garden Street at right angles. When the elevated structure was constructed, four supporting pillars were erected on the four corners of the intersection, apparently not in the bed of the street. Subsequently the City of Philadelphia widened Spring Garden Street, so that on October 13, 1925, the pillars were, and for some time had been, in the bed of Spring Garden Street, the one formerly at the southwest corner being eighteen feet ten inches north of the south curb line, and the one formerly on the northwest corner being ten feet seven inches south of the north curb line. Spring Garden Street, as widened, is approximately eighty-five feet from curb to curb. On the night of October 13, 1925, when it was dark, Joseph E. Carmen was driving an automobile eastwardly on Spring Garden Street. William A. Barger, Jr., and Louise C. Barger, his wife, were on the rear seat. Carmen's automobile collided with the pillar near the southwest corner of Front and Spring Garden Streets. Mr. and Mrs. Barger were injured and brought this suit against the City of Philadelphia. The case was tried before Judge Smith, and the jury disagreed. Defendant asked for binding instructions, which were refused. On the basis of this record, defendant now asks for judgment.

To our mind, the law here involved is entirely contained in the opinion of our Supreme Court in the case of McKim v. Philadelphia, 217 Pa. 243. Applying that law to the present facts, we find that the erection and maintenance of the pillar was not of itself negligence. However, the pillar in the position it occupied was a dangerous instrumentality at night, and it was the duty of the city to illuminate the pillar and its vicinity so as to make it visible to those lawfully using the highway. If the city failed in this duty, it was negligent, and if this negligence was the cause of the injuries to Mr. and Mrs. Barger, the city is liable. If the city did not fail in this duty, or if, having failed in this duty, such

failure was not the proximate cause of the injuries to Mr. and Mrs. Barger, the city is not liable.

All of the facts set forth above may be said to be admitted. The further facts, as to which there was contradictory testimony, must, for the purpose of this decision, be considered in the light most favorable to plaintiffs. Viewed in this light, we find that there were electric lights on the southwest and northwest corners of Front and Spring Garden Streets, and a light under the body of the elevated structure, none of which was lighted. There is, however, no testimony as to whether it was light or dark around the pillar, or as to the distance at which the pillar could be seen.

The mere happening of the accident gives rise to no inference of liability on the part of the city. To warrant the submission of such a case to the jury, there must be evidence that the city failed in its duty properly to illuminate the place where the pillar was situated, and that this failure was the proximate cause of the injury. The testimony that certain lights were not lighted is, of itself, no evidence of negligence on the part of the city. Those lights may well have been out, and yet the place may have been properly illuminated by other lights in the vicinity. Nor is this a mere theory based on the lack of evidence to the con-, trary. The plaintiffs themselves testified that immediately after the accident, standing on one side of Spring Garden Street, they could plainly see the pole and light on the opposite side of the street, though the light was out. As Spring Garden Street is eighty-five feet wide, it was apparently light enough at that point for objects to be seen at a considerable distance, according to plaintiffs' own testimony. This can be readily understood in view of the uncontradicted testimony for the defendant, which of course the jury was not bound to believe, that there were two one-thousand candle power lights at the corners of Spring Garden and Hope Streets, that these were lighted at the time of the accident and would throw a good light for a distance of two hundred feet. Hope Street is the first street west of Front, and the distance between the two was variously estimated by the witnesses at from 160 to 190 feet.

There was no evidence as to how or why the accident happened. The only evidence on this point offered on behalf of plaintiffs was that of the plaintiffs themselves. They were sitting in the rear seat and talking together. Neither of them was observing the road in front. They had no intimation of danger until the automobile swerved and, a fraction of a second before the crash, Mr. Barger saw the pillar. He had not been looking before. The lights of the automobile were lighted. No reason or explanation is given as to why the driver of the automobile did not see the pole, or if he saw it, why he hit it.

While it is not in this record, it is interesting to note the testimony of the driver of the car at the coroner's inquest. He testified that he saw the pillar when it was fifty or sixty feet away. The pillar was at a street intersection where it was his duty to have his automobile under immediate control. Why he did not stop the car within this distance or turn to one side is not explained. The driver was not a witness at the trial.

If we thought that plaintiffs at another trial could produce additional testimony so as to warrant the submission of this case to a jury, we would permit the case to be tried again. We have cited matters in this opinion which have nothing to do with the question of law involved, in order to show that no injustice is being done to plaintiffs on purely technical grounds. We rest our decision solely on the fact that the only possible negligence of the city under the circumstances was its failure properly to illuminate the pillar and its vicinity, and that there is no evidence whatever in plaintiffs' case of such failure on the part of the city.

There is ample evidence that the driver of the car was negligent, but this negligence is not attributable to plaintiffs. There is no evidence that the city was negligent. Plaintiffs should have brought their action against the driver of the car, and not against the city.

And now, to wit, February 2, 1933, defendant's motion for judgment on the record is sustained, and judgment is hereby entered for defendant.